IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL F. LONG, #K-61797 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-cv-085-JLF |
| ) | |
| KEVIN CRIPPS, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on two separate Motions for Appointment of Counsel (Doc. 10 and 13) filed by the plaintiff, Daniel F. Long, on November 24, 2004 and December 3, 2004, respectively.

There is no constitutional or statutory right to counsel by a civil litigant. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). Discretion, however, is granted to the Court by 28 U.S.C. § 1915(e)(1). Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." Id at 431. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure private counsel. Zarnes, 64 F.3d at 288. After meeting the threshold burden, there are five

factors that a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent person to present the case; and (5) the complexity of the legal issues raised by the complaint. See Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981). Long makes no showing that he attempted to retain counsel. As Long has not met the threshold burden in Zarnes, there is no reason to address the five factors listed above. For this reason, the motion must be denied.

      Accordingly, plaintiff's Motions for Appointment of Counsel (Doc. 10 and 13) are **DENIED**.

**DATED: May 18, 2005.**

                                            s/ Donald G. Wilkerson
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**