IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL F. LONG, ) | |
|                         **Plaintiff,** ) | |
| vs. ) | |
| ) | |
| KEVIN CRIPPS, JASON SMITH, MARK ) | |
| ROSE, JOHN DOE, CLAUDE B. WILLIAMS, ) | No.  04-085 JLF |
| GERALD L. BENJAMIN and TOM UNKNOWN, ) | |
| ) | |
|                         **Defendants.** ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Kevin Cripps, Jason Smith, Mark Rose, Claude B. Williams, and Gerald L. Benjamin, by their attorneys Clifford G. Kosoff and George J. Casson, respectfully move the court pursuant to Federal Rule of Civil Procedure 56 for entry of summary judgment on all claims directed against them in the Amended Complaint of plaintiff Daniel F. Long.  In support of this motion, defendants state as follows:

1. In his pro se complaint, filed pursuant to 42 U.S.C. §1983, plaintiff claims that the defendants are liable for violations of plaintiff's federal constitutional rights while he was a detainee in the Macon County jail during 2002.  All defendants are sued in their individual capacities.

2. In Count 1 of the Amended Complaint, as construed by the court, plaintiff presents claims against defendants Cripps, Smith, and Rose for use of excessive force in violation of plaintiff's constitutional rights.  The defendants are entitled to summary judgment on these claims because the undisputed evidence demonstrates that the force utilized by the officers and the restraints to which plaintiff was subjected were not excessive, but were justified, minimal, and restrained, were applied in a good-faith effort to maintain discipline under circumstances which presented significant threats to the safety and security of the jail, and did not cause injury.

3. In Count 2 of the Amended Complaint, as construed by the court, plaintiff presents a claim that defendants Williams and Cripps deprived plaintiff of necessary medical care in violation

of his constitutional rights. Defendants are entitled to summary judgment on this claim because the undisputed evidence demonstrates that plaintiff did not present a serious medical need; that professional medical care was provided to plaintiff for all of his medical needs; that it was the judgment of a medical professional that plaintiff did not need additional medical care; and that plaintiff did not suffer any resulting injury.

4. In Count 3 of the Amended Complaint, as construed by the court, plaintiff presents a claim that defendants Williams and Benjamin subjected him to inhumane conditions of confinement in violation of his constitutional rights. Defendants are entitled to summary judgment on this claim because (a) the undisputed evidence demonstrates that the conditions of plaintiff's confinement did not deprive him of the minimum civilized measure of life's necessities; and (b) plaintiff has failed to come forward with the necessary evidence demonstrating the personal responsibility of defendant Benjamin for a violation of his constitutional rights.

5. In the alternative, one or more of the claims directed by plaintiff against defendants Williams and Benjamin are barred by the applicable statute of limitations because the claims were not filed within two years of the date on which plaintiff was allegedly injured.

6. In the alternative, each of the defendants is entitled to qualified immunity from liability on plaintiff's claims against him because the undisputed evidence demonstrates that no defendant violated a clearly established constitutional right which a reasonable person in the defendant's position would know he was violating.

7. There are no genuine disputes between the parties as to the facts which are material to those issues which are determinative of plaintiff's claims.

8. In support of this motion, defendants are filing with the court (a) a memorandum of law containing a statement of material undisputed facts, statements of applicable law, and argument; and (b) the following evidentiary materials: the affidavits of the individual defendants, defendants' exhibits, and a copy of plaintiff's deposition transcript.

3

Wherefore, defendants Kevin Cripps, et al., respectfully request that the court enter summary judgment in their favor on all claims directed against them in the Amended Complaint of plaintiff Daniel F. Long.

Respectfully submitted,

Kevin Cripps, Jason Smith, Mark Rose, Claude B. Williams, Gerald L. Benjamin, Defendants

By: s/George J. Casson
George J. Casson Bar Number 0412627
Attorney for Defendants
O'Halloran, Kosoff Geitner & Cook, P.C.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone:  (847) 291-0200
Facsimile:   (847) 291-9230
E-mail:  gcasson@okgc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL F. LONG, )<br>      **Plaintiff,** )<br>vs. )<br>)<br>KEVIN CRIPPS, JASON SMITH, MARK )<br>ROSE, JOHN DOE, CLAUDE B. WILLIAMS, )<br>GERALD L. BENJAMIN and TOM UNKNOWN, )<br>)<br>      **Defendants.** ) | No.  04-085 JLF |

## CERTIFICATE OF SERVICE

  I hereby certify that on November 13, 2006, I electronically filed the Defendants' Motion for Summary Judgment with the Clerk of court using the CM/ECF system and I hereby certify that on November 13, 2006, I mailed by United States Postal Service, the document to the following non-registered participant:

  Daniel F. Long
  Inmate #K-61797
  P.O. Box 1700
  Galesburg, IL 61401

              Respectfully submitted,

              By: s/George J. Casson
                George J. Casson Bar Number 0412627
                Attorney for Defendants
                O'Halloran, Kosoff Geitner & Cook, P.C.
                650 Dundee Road, Suite 475
                Northbrook, Illinois 60062
                Telephone:  (847) 291-0200
                Facsimile:   (847) 291-9230
                E-mail:  gcasson@okgc.com